UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GEORGE RILEY, III,

      Petitioner,

v.                                     CASE NO. 6:03-cv-1706-Orl-19KRS

UNITED STATES OF AMERICA,

      Respondent.

_____

## ORDER

This case is before the Court on Petitioner's Motion to Stay Judgment and Extension of Time to File Certificate of Appealability (Doc. No. 27, filed May 18, 2005). The motion is construed as a motion for reconsideration of the March 31, 2005, Order (Doc. No. 25) denying Petitioner's § 2255 motion and dismissing this case. The Government filed a response (Doc. No. 28, filed June 1, 2005) to the motion.

The portion of the March 31, 2005, Order addressing the substance of claim number three of Petitioner's § 2255 motion incorrectly recited the content of the claim. *See* Doc. No. 25 at 3. As stated earlier in the March 31st Order, in claim three Petitioner alleged that the presentence report misrepresented the Sentencing Guidelines point total. *Id.* At 1. This claim was not raised on direct appeal.

"[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. This rule generally applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir.) (citations omitted), *cert. denied*, 125 S. Ct. 167 (2004); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112

(1995).  However, a defendant can avoid the procedural bar by demonstrating the applicability of one of the two exceptions: (a) cause and prejudice for the failure to raise the claim on direct or (b) "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Mills*, 36 F.3d at 1055.

In the present case, Petitioner did not raise claim three on direct appeal.  Furthermore, he has not alleged or otherwise demonstrated cause or prejudice with regard to his failure to raise this claim on direct appeal.   Likewise, Petitioner has neither alleged nor shown the applicability of the fundamental miscarriage of justice exception.   A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar; therefore, his failure to raise this claim on direct appeal constitutes a waiver and bars him from raising claim three now.

Therefore, Petitioner's motion for reconsideration (Doc. No. 27) is **GRANTED** to the extent that the Court has reconsidered claim three of Petitioner's § 2255 motion as set forth above.  However, to the extent that the motion seeks any further relief, the requested is **DENIED**.

**DONE AND ORDERED** at Orlando, Florida this   6th   day of June, 2005.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 6/6
George Riley, III
Counsel of Record